UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER L. H.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C26-834-BAT

**ORDER AFFIRMING THE COMISSIONER'S DECISION AND DISMISSING THE CASE WITH PREJUDICE**

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. She contends the ALJ erred by failing to consider her borderline age. Dkt. 10. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is currently 56 years old, has a bachelor's degree, and has worked as a CPA and an Accounting Supervisor. Tr. 33, 48-49. On March 17, 2023, she applied for benefits, alleging disability as of June 1, 2021. Tr. 17. Her application was denied initially and on reconsideration. *Id.* The ALJ conducted a hearing on March 7, 2025, finding Plaintiff not disabled. Tr. 41-89. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-3.

## DISCUSSION

The Court will reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. The Court may neither reweigh evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart,* 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id.*

At step five of the disability evaluation process, the ALJ must determine whether a claimant can perform work, other than her past work, that exists in significant numbers in the national economy, considering the claimant's age, education, work experience, and RFC. *Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999). The ALJ can resolve this issue by referring to the grids or taking testimony from a vocational expert. *Id.* at 1101. Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first. *Cooper v. Sullivan,* 880 F.2d 1152, 1155 (9th Cir. 1989). For purposes of applying the grids, there are three age categories: younger person (under age 50), person closely approaching advanced age (age 50-54), and person of advanced age (age 55 or older). 20 C.F.R. § 404.1563(c)-(e).

Age categories are not to be applied "mechanically in a borderline situation." *Id.* § 404.1563(b). A borderline age situation exists where a claimant is "within a few days to a few months of reaching an older age category." *Id.* A claimant's age should be considered at the time of the ALJ's decision. *Little v. Berryhill*, 690 F. App'x 915, 917 (9th Cir. 2017). Plaintiff was 50 years old on her alleged onset date of disability and was thus a person "closely approaching advanced age." 20 C.F.R. § 404.1563(d). Plaintiff turned 55 and moved into the "advanced age"

category six days after the ALJ issued her decision. *Id.* § 404.1563(e). Accordingly, Plaintiff was of borderline age at the time of the ALJ's decision. Plaintiff argues the ALJ erred when considering her borderline age. Dkt. 10.

Where a claimant is of borderline age, and using the older age category would result in a finding of disability, the ALJ must consider whether to use the older age category after evaluating the overall impact of all the factors of the case. 20 C.F.R. § 404.1563(b). But the ALJ is not required to use the older age category. *Lockwood v. Comm'r of Soc. Sec.,* 616 F.3d 1068, 1071 (9th Cir. 2010). The ALJ limited Plaintiff to light work with several exertional and non-exertional limitations. Tr. 24. An individual with a high school education who is closely approaching advanced age and limited to light work will be found not disabled under the grids, regardless of whether the individual has transferable skills. 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 202.13-202.15. An individual of advanced age with the same restrictions is disabled under the grids unless the individual has skills that are readily transferable to a significant range of semi-skilled or skilled work. *Id.* §§ 202.00(c), 202.06-202.07. Thus, use of the older age category would result in a finding of disability if Plaintiff did not have transferable skills. Accordingly, the ALJ was required to consider using the older age category.

Plaintiff concedes the ALJ considered the issue, stating in her opening brief that "the ALJ herself determined that some analysis was necessary, thus the acknowledgment and discussion of the borderline age situation, was correct." Dkt. 10 at 5. Plaintiff contends, however, the ALJ erred by failing to sufficiently explain why she did not apply the older age category to Plaintiff's claim. Dkt. 10 at 3-4. "Although an ALJ is required by regulation to *consider* whether to use an older age category in a borderline situation, there is no requirement that the ALJ explain in her written decision why she did not use an older age category." *Lockwood,* 616 F.3d at 1070.

Plaintiff relies on internal Social Security Administration policies listed in the Program Operations Manual System (POMS) and the Commissioner's Hearings, Appeals, and Litigation Law Manual (HALLEX) to support her contention, but neither manual imposes judicially enforceable duties on the ALJ or the Court. *Id.* at 1072-73; *see also Barreras v. Saul,* 803 F. App'x 70, 72 (9th Cir. 2020) (finding it "inconsequential to [the court's] analysis" that the ALJ's decision was contrary to POMS and HALLEX).

In her reply brief, Plaintiff contends "the ALJ's own actions in this case preclude [this] argument," and argues because the ALJ offered an explanation, the Court must evaluate whether the ALJ sufficiently explained why the borderline age rule was not followed. Dkt. 14 at 1-2. First, the Court notes Plaintiff cites no authority to support this assertion. Further, the "borderline age rule" *was* followed; the ALJ considered whether to use the older age category as required by 20 C.F.R. § 404.1563(b). The ALJ was not required to use the older age category nor was she required to make any additional findings concerning why she used Plaintiff's chronological age. *Lockwood,* 616 F.3d at 1073; *Chipman v. Berryhill,* 765 F. App'x 264, 265 (9th Cir. 2019).

Even assuming arguendo Plaintiff is correct, the Court finds the ALJ's explanation is supported by substantial evidence. The ALJ explained "application of the borderline age policy" was not appropriate because Plaintiff had transferable skills. Tr. 33. The Ninth Circuit has affirmed an ALJ's choice not to use an older age category where the ALJ noted the claimant had transferable skills from her past relevant work. *Chipman*, 765 F. App'x at 265. Plaintiff argues the ALJ's analysis was insufficient, because the ALJ identified only a single occupation to which her skills were transferable, which is not "a significant range of work." Dkt. 10 at 5-6 (citing *Lounsburry v. Barnhart*, 468 F.3d 1111, 1117 (9th Cir. 2006)). However, *Lounsburry* interpreted a rule that applies only to individuals of advanced age. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, §

202.00(c). As the ALJ chose not to apply the older age category, *Lounsburry* is inapplicable. The ALJ was not required to find Plaintiff had skills transferable to a significant range of work to justify her use of Plaintiff's chronological age.

In sum, the ALJ sufficiently considered whether to use the older age category as required by the regulations and accordingly did not err.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

DATED this 14th day of August, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge